ASSUTA MEDICAL CENTER; Nataraj Chandrasekhar; Sushma Nataraj; Sai Nataraj, Plaintiffs–Appellants,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY; US Citizenship and Immigration Services, Defendants–Appellees.

No. 06–55690.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2007.

Filed Jan. 24, 2008.

Wade Chernick, Esq., Encino, CA, for Plaintiffs–Appellants.

Jonathan B. Klinck, Esq., USLA–Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Defendants–Appellees.

Before: PREGERSON, NOONAN, and TROTT, Circuit Judges.

MEMORANDUM *

Assuta Medical Center ("Assuta"), Nataraj Chandrasekhar ("Chandrasekhar"), Sushma Nataraj, and Sai Nataraj appeal the district court's Findings of Facts and Conclusions of Law entered in favor of the United States Department of Homeland Security and the United States Citizenship and Immigration Services. The parties are familiar with the facts of this case, and we refer to them here only to the extent necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

This court reviews the district court's findings of facts for clear error and its conclusions of law de novo. *See Twentieth Century Fox Film Corp. v. Entm't Distrib.,* 429 F.3d 869, 879 (9th Cir.2005). The district court reviewed the decision of the Administrative Appeals Office ("AAO") pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 706. Under the APA, agency decisions may be set aside if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see also United States v. Bean,* 537 U.S. 71, 77, 123 S.Ct. 584, 154 L.Ed.2d 483 (2002).

Here, Assuta submitted substantial evidence that Chandrasekhar had been, and would be, acting as its Management Information Systems Manager ("MIS Manager"). This evidence included, *inter alia,* two detailed letters that explained Chandrasekhar's significant past and future duties and Assuta's reliance on his technological and business expertise. The letters demonstrated that Chandrasekhar's job fit the Occupational Outlook Handbook's ("Handbook") definition of a MIS Manager and that Assuta required his services.

The AAO, however, misconstrued both Assuta's evidence and the Handbook to conclude that a small medical company like Assuta had no need of a MIS Manager. The Handbook contemplates that MIS Managers will perform a variety of technological and financial tasks for their companies, depending on those companies' needs. Nonetheless, the AAO criticized Chandrasekhar for his involvement in a "mixture" of non-technical tasks, and arbitrarily reclassified each of those tasks to determine that Chandrasekhar was actually performing a variety of non-specialty occupations. At the same time, the AAO criticized Chandrasekhar for being too involved in the day-to-day implementation of Assuta's information systems. These contradictory criticisms appear driven by the belief that only large computer companies require MIS Managers. This misguided belief was not supported by the Handbook, Assuta's evidence, or common sense.[1]

Because the AAO's decision ran counter to the evidence in the record, it was arbitrary and capricious, and the district court erred in affirming it. *See Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.,* 100 F.3d 1443, 1448 (9th Cir.1996) (explaining that an agency's decision is arbitrary and capricious if "the agency ... offered an explanation for its decision that [ran] counter to the evidence before the agency...."). We therefore reverse the district court's Findings of Facts and Conclusions of Law and remand for further

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The AAO's decision is also undermined by its approval of Assuta's original H–1B visa petition. Notably, in an apparent violation of its own policies, the AAO failed to explain why that prior approval was erroneous.

proceedings consistent with this disposition.

**REVERSED and REMANDED.**

